## LETTER *v.* PUTNEY *et al.*

A party cannot take his chances for a verdict on instructions given or refused, without exception taken, and then, after verdict, except to the action of the Court upon motion for a new trial.

APPEAL from the County Court of Nevada County.

On the trial of this case in the Court below, certain instructions were refused, and certain other instructions given, without exception by either party. The jury having found a verdict for the plaintiff, the defendants then, for the first time, excepted to the action of the Court in refusing and giving the instructions.

Motion for new trial was overruled, and judgment entered for plaintiff. Defendants appealed.

*Dunn and Rowe* for Appellants.

*Henry Meredith* for Respondent.

BURNETT, J., after stating the facts in the case, delivered the opinion of the Court—TERRY, J., concurring.

It was decided by this Court, in the case of Posten *v.* Rassette and others, 5 Cal. R., 468, that an objection to the form of a deed must be made on the trial at *nisi prius*. So it was also decided in the case of Pearson *v.* Snodgrass, 5 Cal. R., 478, that an exception must be taken in the Court below, to the admission of a deed in evidence, otherwise the point cannot be considered on appeal. And in the case of Covillaud *v.* Tanner, decided at the last January Term of this Court, it was held that a party consenting to admit evidence, subject to all legal exceptions, thus devolving on the Court the responsibility of discovering whatever objections might exist, and after fishing for a verdict below, could not, for the first time, assign his objections in this Court.

The reasons upon which these decisions rest, would seem applicable to this case. A party cannot first take his chances of a verdict upon instructions given or refused, without exception, and then, afterwards, except to the action of the Court upon a motion for a new trial. Had he made his objections at the proper time, the Court might have ruled differently, and thus have given him all the relief he desired.

Judgment affirmed.